The Chancellor.
The' answer is insufficient to dissolve the injunction. So far as the equity of the bill rests on the allegation that Akers, before he took the assignment of the mortgage, had notice of the release, there is no sufficient, denial. The answer to this allegation is, that the defendant, from information derived from Akers and others; believes that Akers was then wholly ignorant of the release. A denial on information and belief, of notice to another, is not sufficient to dissolve an injunction.
*202 So far as the equity of the bill rests on tlie allegation that, before the sale at which the property was struck off to Akers, ancf before the defendant took the deed, he knew of the'release, there is- no sufficient denial. The bill further charges that before, <fec. the defendant was inforined by Akers, that'he, Akers, had no interest in or claim to the part released. The defendant, in answer, says, that Akers bid at" the said sale at his request and as his agent, and denies, that at' the time he bought at the sheriff’s sale, as aforesaid,- he knew or- had any information whatever, that the part alleged to have been conveyed and released to Pierson had'been so released! and that Akers had no claim, right- or interest therein by virtue of his mortgage; but says he'made the-purchase under the'belief that he was buying the Iands free and clear of all incumbrances,' and without any knowledge of the pretended claims now set'up by Pierson and Gruet, and without any knowledge of the'incumbrances set forth in the bill relating to the execution of the" said pretended release, and without any sueh notice or information from Akers as is alleged in the bill. A denial that he knew of the release and that Akers had no right'or interest in-the part released, is not a denial of lcnówledge of the release. The defendant may have been of opinion that Akers had a right or interest in the part released, by virtue of the mortgage and the decree thereon, notwithstanding' the release: The denial of two allegations conjunctively, is not a denial-of each. Again, all this part of the answer relates to the time when he’(ás he says) bought at the sheriff’s sale, as aforesaid. What' time is meant here 1 'f'he time when the property was struck off to Akers, or the time when he took the deed from the sheriff#
The defendant; has used two general-'sentences in his answer by way of denial of knowledge of the release. In one of them he says, that the first time he- ever Heard of the release mentioned, was on the 8th of' March,’ 1845, - after he had paid the purchase money and'received his deed. Ih- the other he says, he never heard of any such release till after he had paid for the land and received his deed therefor. General denials are always unsatisfactory. It is said, “ Doliis latet in generalihus.” In this case the release was recorded, and the defendant admits it was recorded as stated in the bill. This may account *203 for the language used in these general sentences. They do not, under the circumstances, and in view of the failure in the more special answer to this charge, amount to a denial of knowledge of the release.
It would be unsafe for the court to suppose ;and act upon the supposition, that a want of observance of plain rules for answering is the result of inattention, or want of skill, or want of precision of language. It may .proceed from an .-unwillingness to disclose the truth.
The motion .is denied.